IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:14CV104-RJC-DSC

| | |
|---|---|
| DEBRA L. CANTRELL,<br>    Plaintiff,<br><br>  vs.<br><br>CAROLYN W. COLVIN,<br>Commissioner of Social<br>Security Administration,<br>    Defendant. | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #9) and "Memorandum ... in Support ..." (document #10), both filed September 17, 2014, and Defendant's "Motion for Summary Judgment" (document #11) and "Memorandum in Support ..." (document #12), both filed November 12, 2014. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and these Motions are now ripe for disposition.[1]

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and that the Commissioner's decision be affirmed.

---

[1] Pursuant to the Text-Only Social Security Scheduling Order entered on July 22, 2014 and the Court's Social Security Briefing Order referenced therein, Plaintiff was entitled to file a response brief on or before December 1, 2014. Plaintiff has not filed a response.

# I. **PROCEDURAL HISTORY**

The procedural history is not in dispute. On October 4, 2010, Plaintiff filed an application for a period of disability and Social Security Disability Insurance Benefits ("DIB") alleging that she became disabled on March 17, 2010 because of depression, fibromyalgia, lower back degeneration, chronic headaches and migraines. (Tr. 152, 189). The application was denied initially and upon reconsideration. (Tr. 109, 117). Plaintiff requested a hearing which was held on August 14, 2012. (Tr. 28-61).

On October 12, 2012, the Administrative Law Judge ("ALJ") determined that Plaintiff was not disabled. (Tr. 10-22). The ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12). The ALJ also found that Plaintiff suffered from

fibromyalgia, headaches, degenerative joint disease of the shoulder, degenerative disc disease, asthma, and affective mood disorder, which were severe impairments within the meaning of the regulations (Tr. Id.) but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. (Tr. Id.). The ALJ then found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform light work[3] with no climbing of ladders, ropes, or scaffolds; only occasional stooping, kneeling, crouching and crawling; no exposure to odors, dust, gases, fumes and unprotected

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

2

heights; no production line work; and only occasional interaction with the public. (Tr. 16). The ALJ found that Plaintiff could not perform her past relevant work as a gas station manager. (Tr. 20).

The ALJ shifted the burden to the Secretary to show the existence of other jobs in the national economy that Plaintiff could perform. In response to a hypothetical that factored in the above limitations, a Vocational Expert ('V.E.") identified a surveillance system monitor job that Plaintiff could perform. The V.E. stated that 125 of these jobs were available locally and 5,000 nationally. (Tr. 21).

Based upon this testimony, the ALJ found that there were a significant number of jobs in the regional and national economy that Plaintiff could perform. Id. Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. (Tr. 21-22).

On February 26, 2014, the Appeals Council denied Plaintiff's Request for Review. (Tr. 1-5).

Plaintiff filed the present action on April 25, 2014. She assigns error to the ALJ's evaluations of her mental RFC, her fibromyalgia and the opinion of Dr. John Burton. See Plaintiff's "Memorandum … in Support ..." at 4-5 (document #10). The parties' cross-Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the

Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision

below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[4] as that term of art is defined for Social Security purposes. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p at *2. However, it is the claimant's burden to establish his RFC by demonstrating how those impairments impact his functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-00006, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012). The ALJ's RFC determination here is supported by substantial evidence including Plaintiff's testimony, medical records and treatment history.

Plaintiff argues that the ALJ erred by not assessing her work-related mental abilities on a function-by-function basis as required by Social Security Ruling (SSR) 96-8p. The ALJ's

---

[4]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . .
Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

5

analysis was sufficient and supported by substantial evidence. The regulations require the ALJ to rate the degree of functional loss resulting from a mental impairment in four areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. See 20 C.F.R. § 404.1520a(c)(3). These ratings range from no limitation up to a level of severity that is incompatible with the ability to perform those work-related functions. 20 C.F.R. § 404.1520a. The ALJ concluded that Plaintiff had mild restrictions in activities of daily living, mild limitation in social functioning, and moderate limitation in concentration, persistence, or pace. The ALJ further found insufficient evidence to establish that Plaintiff had suffered any episodes of decompensation.

The ALJ cited substantial evidence to support his conclusions in each of these four areas. The ALJ noted that could fold laundry, watch television and read books. Plaintiff told consultative examiner Dr. Ron O. Thompson that she could perform light housework. (Tr. 14). The medical records showed that Plaintiff presented for appointments as "alert, fluent and pleasant." (Tr. 14). Plaintiff told her medical providers that she visited her parents, went out to eat once a week, and attended church about twice a month. (Tr. 15). The ALJ also considered Dr. Lisa Clausen's report that Plaintiff could spell "world" forwards and backwards and complete a "semi-difficult" cash transaction. Plaintiff did not display any significant deficits in concentration or attention. (Tr. 15).

The ALJ gave significant weight to the opinion of State agency medical consultant Dr. Robert Estock. (Tr. 19, 20, 381-94, 403-405). Dr. Estock opined that Plaintiff could understand, remember, and carry out simple instructions, maintain concentration for at least

two hours, and perform in situations that do not require a fast-pace or ongoing interaction with the public. (Tr. 19, 405). When the ALJ bases an RFC determination on a report containing a function-by-function analysis, he satisfies SSR 96-8p. Gibson v. Colvin, No. 2:12-78-RJC, 2013 WL 6147702 at *5 (W.D.N.C., Nov. 22, 2013).

Plaintiff next alleges that the ALJ failed to comply with the Commissioner's policy for evaluating fibromyalgia as set forth in SSR 12-2p, 2012 WL 3104869 (SSA).

Although the ALJ did not cite SSR 12-2p, he did evaluate this case as required by that policy. First, the ALJ found fibromyalgia to be a severe impairment at step 2 of the sequential evaluation (Tr. 12). The ALJ then proceeded to step three, noting that there is no specific listing pertaining to fibromyalgia. (Tr. 13). The ALJ explained that fibromyalgia is most commonly evaluated under the musculoskeletal listings, but may also be evaluated under the undifferentiated connective tissue disorder listing (Tr. 13). The ALJ devoted a long paragraph to evaluating fibromyalgia under listings 1.02, 1.03, 1.04, 1.05, 1.06, 1.07, 1.08, 14.02, and 14.04 (Tr. 13).

The record does not contain any significant evidence of treatment for fibromyalgia. Dr. Loudermilk does not cite fibromyalgia in his assessments during the period at issue. (Tr. 292, 293, 295, 296, 298). Dr. Shallcross surmised that Plaintiff's headaches might represent underlying fibromyalgia, and believed that referral to a headache center would help "sort these things out." (Tr. 306). One month later, Physician Assistant April Smith observed that Plaintiff had not seen "any sort of specialist such as rheumatology for fibromyalgia." (Tr. 307). Plaintiff does not point to any medical source opinions about fibromyalgia that the ALJ failed to consider.

Finally, Plaintiff alleges that the ALJ erred by not giving weight to Dr. Burton's opinion. To support Plaintiff's claim for disability, Dr. Burton provided a "treatment summary" dated August 6, 2012. He stated that he had been treating Plaintiff "for approximately the last year" and opined that Plaintiff's pain, loss of physical functioning, and symptoms of depression and anxiety rendered her permanently disabled. (Tr. 407).

Contrary to Plaintiff's arguments, the ALJ did not "summarily reject" Dr. Burton's opinion. The ALJ found that Dr. Burton did not explain what treatment he provided. (Tr. 18). When evaluating opinion evidence, the adjudicator must consider "the treatment the source has provided" and "the kinds and extent of examinations and testing the source has performed or ordered from specialists and independent laboratories," 20 C.F.R. § 404.1527(c)(2)(ii). The Commissioner has not identified any treatment notes from Dr. Burton in the record, and Plaintiff does not cite any. There is no way to compare Dr. Burton's August 2012 opinion with any contemporaneous treatment notes he may have made during the prior year.

The Commissioner's regulations also state that "the more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3). Here, Dr. Burton did not cite any relevant evidence to support his opinion. As the ALJ correctly observed, Dr. Burton's letter relied on Plaintiff's subjective report of symptoms such as "sadness, poor sleep, low energy, loss of hope and low self-worth." (Tr. 18, 407). The ALJ found that these symptoms were not supported by any treatment records or by the evidence as a whole. (Tr. 18). It is well settled that a claimant's subjective statements cannot establish disability. 20 C.F.R. §

8

404.1529(a) (statements about your pain or other symptoms will not alone establish that you are disabled). See also Craig v. Chater, 76 F.3d 585, 595 (4th Cir. 1996) (claimant's subjective allegations "need not be accepted to the extent they are inconsistent with the available evidence, including objective evidence").

Finally, the ALJ properly stated that the ultimate determination of disability is reserved to the Commissioner. 20 C.F.R. § 404.1527(d); Social Security Ruling 96-5p, 1996 WL 374183 (SSA).

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #9) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #11) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**.

Signed: December 8, 2014

David S. Cayer
United States Magistrate Judge