# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 1:14-cv-104-RJC-DSC

| | |
|---|---|
| DEBRA L. CANTRELL, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| CAROLYN W. COLVIN,<br>Acting Commissioner of<br>Social Security Administration, | ) |
| Defendant. | ) |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment and supporting Memorandum, (Doc. Nos. 9, 10); Defendant's Motion for Summary Judgment and supporting Memorandum, (Doc. Nos. 11, 12); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 13), recommending that this Court deny Plaintiff's Motion and grant Defendant's Motion; Plaintiff's Objections to the Magistrate's M&R, (Doc. No. 14); Plaintiff's Supplemental Memorandum, (Doc. No. 17); Defendant's Motion to Strike Plaintiff's Supplemental Memorandum, (Doc. No. 18); and Defendant's Response to Plaintiff's Supplemental Memorandum, (Doc. No. 19).

## I. BACKGROUND

Neither party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. The Court thus adopts the facts as set forth in the M&R and takes notice of the documents filed thereafter.

## II. STANDARD OF REVIEW

The district court may assign dispositive pretrial matters pending before the Court to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C.

§§ 636(b)(1)(A)–(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

The Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), limits this Court's review of a final decision of the Commissioner to determining: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979). The Social Security Act provides: "The findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" is "more than a scintilla and must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Richardson v. Perales, 402 U.S. at 401).

The Fourth Circuit has long emphasized that it is not appropriate for a reviewing court to weigh the evidence anew, or to substitute its judgment for that of the Commissioner, if the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456; see also Smith v. Schweiker, 795 F.2d at 345. Indeed, this is true even if the reviewing court disagrees with the outcome; provided there is "substantial evidence" in the record to support the final decision below, the Court will uphold the final decision. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff timely filed objections to the M&R, objecting to the Magistrate Judge's findings that: (1) the Administrative Law Judge ("ALJ") properly assessed the impact of her mental impairment; (2) the ALJ properly analyzed her Fibromyalgia impairment; and (3) the ALJ's rejection of Dr. Burton's opinion was proper. Plaintiff further argues in her Supplemental Brief, (Doc. No. 17), which addresses the applicability of Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), that: (1) the ALJ failed to explain why greater weight is given to the State's consulting physicians over that of her treating physician despite contradictory evidence in the record; (2) the ALJ failed to assess her ability to stay on task while determining her residual functional capacity ("RFC"); and (3) the ALJ improperly used boilerplate language to explain his credibility findings.

Plaintiff's first objection to the M&R regarding the ALJ's evaluation of her mental impairment mirrors the second issue in her Supplemental Brief as to her ability to stay on task. Thus, these arguments will be analyzed together. Likewise, Plaintiff's third objection to the M&R overlaps with the first issue presented in her Supplemental Brief, as both challenge the ALJ's analysis and weight given to the medical opinions. Therefore, these arguments will also be

analyzed together. The remaining two arguments are distinct, and the Court will address each in turn.

A. Plaintiff's Mental Impairment

Plaintiff first objects to the M&R by arguing the Magistrate Judge erred in finding that the ALJ properly assessed her mental capacity. Plaintiff does little to advance this argument, and the Court finds it to be a conclusory objection which does not warrant de novo review. Orpiano, 687 F.2d at 47. Nevertheless, the Court has conducted a full and careful review of the M&R and the record and, having done so, finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be affirmed.

Plaintiff raises the same issue in her Supplemental Memorandum regarding the applicability of the Mascio decision. Plaintiff asserts that the ALJ erred under Mascio by failing to analyze, discuss, or determine her ability to stay on task despite finding that she has a moderate mental limitation as to concentration, persistence, or pace. (Doc. No. 17 at 5).

In Mascio, the ALJ found that the claimant had moderate difficulties as to concentration, persistence, or pace; however, that finding did not translate into a limitation in the claimant's RFC. Furthermore, although limited to unskilled work, the claimant's mental limitations were not specifically incorporated into the hypothetical presented to the VE. 780 F.3d 638. The Fourth Circuit stated that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" Id. (quoting Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1180 (11th Cir. 2011)). Therefore, the Fourth Circuit remanded Mascio because the ALJ had not explained the inconsistency between the finding of moderate mental limitations and the resulting RFC. Id.

Consequently, a case must be remanded pursuant to Mascio when a finding of mental limitation in concentration, persistence, or pace is not reflected in the RFC; the mental limitation was not incorporated into the hypothetical given to the VE; and the ALJ failed to explain the exclusion of the mental limitation. See id. These circumstances, however, are not present in this case. As Plaintiff notes in her Supplemental Memorandum, (Doc. No. 17 at 4), the ALJ's evaluation of Plaintiff's moderate mental limitation as to concentration, persistence, or pace was included in Plaintiff's RFC by the limitation that Plaintiff only occasionally interact with the public. Furthermore, this limitation was presented to the VE in the hypothetical, and Plaintiff does not challenge that hypothetical. Because Plaintiff's RFC included a restriction as to her mental limitation, the hypothetical encompassing her RFC was proper, and this case should not be remanded under Mascio. Therefore, the Court overrules this objection.

B. ALJ's Analysis of Medical Opinions

Next, Plaintiff objects to the Magistrate's finding that the ALJ's assessment of John Burton, a licensed professional counselor, was proper. Plaintiff argues that the ALJ's analysis of Mr. Burton's opinion is incomplete because the ALJ makes the conclusory statement that Mr. Burton's "claims are not supported by a treatment record or [the] medical[ly] objective evidence as a whole." (Doc. No. 14 at 4). Plaintiff then summarily concludes that the Magistrate Judge relied solely upon this conclusory statement from the ALJ to improperly uphold the ALJ's decision.

When evaluating and weighing medical opinions, an ALJ must consider: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist." Johnson v. Barnhart, 434 F.3d. 650, 654 (4th Cir. 2005). The Commissioner's regulations also state that the "more a medical source

presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion." 20 C.F.R. § 404.1527(c)(3).

The Magistrate Judge did not rely solely upon the ALJ's conclusion that Mr. Burton's opinion was not supported by the evidence as a whole. The M&R thoroughly evaluated the ALJ's findings regarding Mr. Burton's opinion, and it expressly stated that neither party, particularly Plaintiff, identified any medical records that supported Mr. Burton's opinion. (Doc. No. 13 at 8). Mr. Burton did not cite any relevant evidence to support his opinion, and Plaintiff has failed to identify any such evidence. Consequently, the Court finds no error in the M&R's finding that the ALJ's evaluation of Mr. Burton's opinion was proper, and Plaintiff's objection is overruled.

Again, Plaintiff attempts to renew a similar argument in her Supplemental Memorandum. Plaintiff contends that, without explanation, the ALJ gives the most weight to the State's consulting physicians and erroneously infers that the State's physicians conducted an examination of Plaintiff. The Court finds that these arguments are improperly asserted under <u>Mascio</u>. Nevertheless, contrary to Plaintiff's contentions, the Court finds that the ALJ properly summarized the opinions of the medical providers and consultants and indicated the weight given each opinion and why. For example, the ALJ stated that he gave great weight to Dr. Estock's opinion because it "encapsulates a complete review of the claimant's history as a whole." (Tr. 19). Furthermore, the Court finds that the ALJ did not make in improper inference that consulting physicians conducted independent examinations of Plaintiff. Although, the ALJ stated that Dr. Estock performed a "consultative examination," he later stated that Dr. Estock relied on an evaluation by Dr. Thompson and conducted a complete review of Plaintiff's history. (Tr. 19).

Plaintiff also argues in her Supplemental Memorandum that the ALJ failed to explain why environmental limitations as to cold, heat, wetness, or humidity were not included in the RFC

although such restrictions were recommended by a physician whose opinion the ALJ had given the most weight. (Doc. No. 17 at 3). Under Mascio, an ALJ is not required to discuss functions that are irrelevant. 780 F.3d 636. Here, the ALJ determined that Plaintiff can perform light work in a job as a Surveillance-System Monitor. (Tr. 21). Pursuant to the Dictionary of Occupational Titles, No. 379.367-010, this job does not require Plaintiff to be exposed to extreme environmental conditions, making a discussion on these suggested limitations irrelevant to the job Plaintiff is capable of performing. Therefore, this argument is also overruled.

C. ALJ's Assessment of Plaintiff's Fibromyalgia

Plaintiff next objects to the M&R's finding that, although the ALJ failed to cite SSR 12-2p, the ALJ followed the rule in evaluating the severity of Plaintiff's Fibromyalgia. Plaintiff's conclusory objection alleges that the Magistrate Judge incorrectly "says that there are no treatment records as to [Plaintiff's] fibromyalgia." (Doc. No. 14 at 3). However, Plaintiff fails to support her argument and overlooks the two paragraphs in the M&R analyzing the ALJ's analysis of Plaintiff's Fibromyalgia. The M&R correctly states that the "record does not contain any significant evidence of treatment for Fibromyalgia." (Doc. No. 13 at 7). The M&R then analyzes and discusses the record evidence that did address Plaintiff's Fibromyalgia. Finally, the M&R concludes, as does this Court, that Plaintiff does not point to any specific medical source opinions about fibromyalgia that the ALJ failed to consider. Therefore, the Court finds no error with the Magistrate Judge's recommendation, and therefore, adopts the M&R as to this issue.

D. ALJ's Credibility Assessment

Finally, Plaintiff contends the ALJ failed to make a proper credibility finding because he used boilerplate language and because he determined her RFC prior to assessing her credibility. (Doc. No. 17 at 6). The rules require the ALJ to compare Plaintiff's alleged functional limitations

to other evidence in the record, not to her RFC. Mascio, 780 F.3d at 639. In other words, the ALJ must "determine the extent to which [Plaintiff's] alleged functional limitations and restrictions due to pain or other symptoms can reasonably be accepted as consistent with the medical signs and laboratory findings and other evidence to decide how [Plaintiff's] symptoms affect [her] ability to work." 20 C.F.R. § 416.929(a).

In Mascio, the Fourth Circuit found the boilerplate credibility language to be deficient because the language got things backwards by implying the RFC was determined first and then used to assess credibility. 780 F.3d at 639. The Fourth Circuit also found, however, that the use of boilerplate language is harmless if the ALJ demonstrates that he properly analyzed credibility elsewhere in the decision. Id. at 639–40. Here, the ALJ used boilerplate language at the onset of assessing Plaintiff's functional limitations. (Tr. 17). However, he goes on to explain his credibility findings at the end of the assessment. (Tr. 19). The ALJ also properly notes that he "must make a finding on the credibility of the statements based on a consideration of the entire case record," (Tr. 16), and he then proceeds to analyze the medical records and opinions of the various providers in comparison with Plaintiff's statements, (Tr. 16–20).

The ALJ takes notice of Plaintiff's allegation of severe disability manifesting from "headaches due to post concussive syndrome, fibromyalgia, back and neck degenerative disc disorder, shoulder and rotator cuff difficulties, hips and right lower extremity difficulties, and obesity." (Tr. 16). Then, the ALJ highlights portions of Plaintiff's statements, including her explanation as to how the impairments affect her ability to perform her previous job, prohibit her from lifting more than 10 pounds, and prevent her from working in any profession. (Tr. 16–17). Next, the ALJ considers Plaintiff's own contradictory statement that she can perform "light duty work such as cooking and washing dishes at home, as long as she takes breaks and performs at her

own pace." (Tr. 17). Finally, the ALJ carefully compares Plaintiff's statements to the evidence in the record, which includes testimony from Plaintiff's treating physicians as well as the State's consulting physicians, and he finds that Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms are not entirely credible. (Tr. 16–20).

After evaluating all the evidence, the ALJ concluded that, despite Plaintiff's allegation of disability, her own testimony contained inconsistencies. He found Plaintiff's testimony that she could perform household chores, socialize with her family, and drive, coupled with the objective medical evidence, did not support a finding of disabled. (Tr. 19–20). The ALJ also pointed to Plaintiff's testimony that her medications were "working well" with no negative side effects. (Tr. 20). Despite using boilerplate language, the ALJ's analysis explains his credibility findings in great detail, which the Court finds to be supported by the evidence. Thus, Plaintiff's final contention under Mascio also fails.

## IV. CONCLUSION

In light of the deferential standard of review applied under the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3), the Court finds that there is substantial evidence to support the Commissioner's final decision. The Court has conducted a full and careful review of the M&R and other documents of record and, having done so, finds that the recommendation of the Magistrate Judge is, in all respects, in accordance with the law and should be approved. The Court further finds that Plaintiff's arguments under Mascio either fail on the merits or are improperly asserted; therefore, Plaintiff's arguments in her Supplemental Memorandum are overruled.

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 13), is **ADOPTED**;
2. Plaintiff's Motion for Summary Judgment, (Doc. No. 9), is **DENIED**;

3. Defendant's Motion for Summary Judgment, (Doc. No. 11), is **GRANTED**;

4. Defendant's Motion to Strike Plaintiff's Supplemental Memorandum, (Doc. No. 18), is **DISMISSED as moot**; and

5. The Clerk of Court is directed to close this case.

*[signature]*

Robert J. Conrad, Jr.
United States District Judge